# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Jacqueline Hamlin, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:17-cv-2648-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dollar Tree Stores, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Dollar Tree Stores, Inc.'s motion to dismiss or, in the alternative, to compel arbitration. (ECF No. 4). For the reasons set forth herein, the Court grants Dollar Tree's request to compel arbitration and consequently denies its motion to dismiss as moot.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises out of an employment dispute. Plaintiff Jacqueline Hamlin alleges that she was terminated for refusing to falsify a submission to OSHA, and filed this action against Dollar Tree because her termination violated public policy. Dollar Tree filed the instant motion on October 2, 2017. Hamlin responded on October 16, and Dollar Tree replied on October 23. Accordingly, this matter is ripe for consideration.

## LEGAL STANDARD

Once a litigant moves to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, the district court determines whether a matter should be resolved through arbitration depending on (1) whether a valid arbitration agreements exists and, if so, (2) whether the dispute falls within the scope of the arbitration agreement. *AT&T Tech., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 651 (1986); *see Hooters of Am. v. Phillips*, 173 F.3d 933, 938 (4th

Cir. 1999). The Supreme Court has consistently encouraged a "healthy regard for the federal policy favoring arbitration." *Levin v. Alms & Assocs.*, 634 F.3d 260, 266 (4th Cir. 2011) (internal quotation marks and citation omitted). "The heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Id.* (citation omitted).

## DISCUSSION

Hamlin's arguments all relate to whether a valid arbitration agreement exists, and does not contend that this dispute falls outside the scope of the agreement. Hamlin maintains that the arbitration agreement is invalid for several reasons. First, she briefly argues that she does not recall signing the arbitration agreement. Additionally, she argues that the arbitration agreement lacks consideration, is procedurally unconscionable, and is adhesive in nature.

The Court first addresses Hamlin's argument that she does not recall signing the arbitration agreement. It is not clear whether Hamlin makes this argument in earnest or merely references her lack of recollection as an additional fact for the Court to consider. In any event, the Court concludes that her argument lacks merit. First, Dollar Tree has presented evidence that Hamlin digitally signed the arbitration agreement using a digital signature that only she was capable of entering. Second, Hamlin admits that she signed the agreement in various places in her brief. Finally, an unsworn failure to recall signing the agreement is insufficient to create an issue of fact as to the validity of the arbitration agreement. *See Gadberry v. Rental Servs. Corp.*, No. 0:09-cv-3326-CMC-PJG, 2011 WL 766991, at *2 (D.S.C. Feb. 24, 2011) (finding no genuine issue of material fact where an employee failed to introduce affirmative evidence that he did not sign the contract containing an arbitration agreement). Accordingly, the Court rejects Hamlin's contention

that she does not recall signing the arbitration agreement as a ground to challenge the validity of that arbitration agreement.

The Court next turns to consideration. "'[E]ven though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002) (quoting *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997)). "Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation." *Id.* (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "An arbitration agreement is supported by adequate consideration when the parties mutually agree to be bound by the arbitration process and the agreement does not permit the employer to ignore the results of arbitration." *Anschel v. Edward D. Jones & Co.*, No. 4:10-cv-1651-TLW-TER, 2010 WL 5625710, at *3 (D.S.C. Oct. 12, 2010) (citing *Adkins*, 303 F.3d at 501).

Hamlin's consideration arguments are based on Maryland law and are premised on the idea that an offer of employment, or continued employment, is not sufficient consideration for an arbitration agreement. The Court is perplexed by Hamlin's reliance on Maryland law, as this arbitration agreement was entered into in South Carolina, for employment in South Carolina, and there are no choice of law provisions electing Maryland law. When looking to state law on contract formation, the Court sees no reason to look anywhere but South Carolina. Here, Hamlin's employment at Dollar Tree was adequate consideration to support the arbitration agreement under South Carolina law, s*ee Towles v. United HealthCare Corp.*, 524 S.E.2d 839, 845 n.4 (S.C. Ct. App. 1999), and the mutual obligation to arbitrate is also itself adequate consideration, *see Anschel*, 2010 WL 5625710, at *3. Accordingly, the Court rejects Hamlin's argument that the arbitration agreement was not supported by consideration.

Next, the Court turns to Hamlin's argument that the arbitration agreement is procedurally unconscionable. The Court concludes that the arbitration agreement is not procedurally unconscionable. Here, Hamlin admits that she signed the arbitration agreement but states that it was buried among other work training documents. Additionally, she states that no one explained the agreement to her, and that the agreement was mandatory. This Court has previously held on similar facts that such circumstances do not make a contract unconscionable. In *Ortberg v. Holiday Kamper Co. of Columbia, LLC*, the plaintiff admitted that she received and signed an arbitration agreement, but argued that no one explained the arbitration agreement to her. No. 2:10-cv-962-CWH-BM, 2010 WL 6647761, at *4 (D.S.C. Aug. 27, 2010), *adopted by* 2011 WL 1883853 (D.S.C. May 17, 2011). This Court held that the lack of explanation did not invalidate the arbitration agreement. *Id.* As the South Carolina Court of Appeals has explained, South Carolina law "does not impose a duty to explain a document's contents to an individual when the individual can learn the contents from simply reading the document." *Towles*, 524 S.E.2d at 845. Thus, Dollar Tree's failure to explain the arbitration agreement is hardly fatal to its argument.

Finally, Hamlin argues that the arbitration provision is adhesive in nature and thus provides another basis for the Court to hold that the arbitration agreement is unconscionable. "[A]n adhesion contract is a standard form contract offered on a 'take-it-or-leave-it' basis with terms that are not negotiable." *Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.2d 663, 669 (S.C. 2007) (citing *Munoz v. Green Tree Fin. Corp.*, 542 S.E.2d 360, 365 (S.C. 2001)). "Adhesion contracts, however, are not per se unconscionable." *Id.* "Unconscionability has been recognized as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Carolina Care Plan, Inc. v. United HealthCare Servs.,*

4

*Inc.*, 606 S.E.2d 752, 757 (S.C. 2004) (citing *Fanning v. Fritz's Pontiac-Cadillac-Buick, Inc.*, 472 S.E.2d 242, 245 (S.C. 1996)).

Hamlin argues that Dollar Tree drafted the arbitration agreement, that she had no meaningful bargaining power, that she cannot select the arbitrator and has no say in who is on the list of proposed arbitrators, and that the arbitration agreement does not allow for any meaningful discovery. The Court accepts Hamlin's first two arguments. It is clear that Dollar Tree drafted the agreement and that Hamlin had no meaningful bargaining power. However, the Court disagrees with Hamlin's other contentions. A plain reading of the arbitration agreement reveals that the parties may mutually select the arbitrator that will decide their dispute. Thus, Hamlin is afforded the opportunity to participate in the selection of the arbitrator at the outset. Additionally, if the parties do not agree on an arbitrator, then they must resort to the JAMS rules. Under those rules, the default is again for the parties to agree on an arbitrator. In the event that the parties cannot agree on an arbitrator, JAMS facilitates the selection of an arbitrator from its list. Although Hamlin complains that she has no input as to who is on the list of proposed arbitrators, Dollar Tree does not have any input as to who is on the list either. As for discovery, Hamlin and Dollar Tree are subject to the same JAMS discovery rules and discovery is permitted. Hamlin has not made any showing of how the list of arbitrators or the discovery rules are one-sided, which is the touchstone of unconscionability. Thus, the Court concludes that the arbitration agreement is not unconscionable.

Having concluded that these claims should be arbitrated, the Court stays this action in accordance with the direction in 9 U.S.C. § 3 that cases sent to arbitration should be stayed.

**CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Dollar Tree's motion to compel arbitration is **GRANTED**. Accordingly, this action is **STAYED**.

**AND IT IS SO ORDERED.**

						_____
						PATRICK MICHAEL DUFFY
						United States District Judge

**December 5, 2017**
**Charleston, South Carolina**